IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2012 FEB -1  P 2: 46

CLERK'S OFFICE
AT BALTIMORE

DEPUTY

| | | |
|---|---|---|
| MICHAEL W. OWENS | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JKB-12-256 |
| SOCIAL SECURITY ADMINISTRATION | * | |
| Defendant | * | |

\*\*\*

## MEMORANDUM

The above-captioned self-represented complaint was filed on January 25, 2012, together with a motion to proceed in forma pauperis. Because he appears to be indigent, plaintiff's motion will be granted. For the following reasons the complaint must be dismissed.

Plaintiff states he applied for a social security card at the age of 14 and in so doing entered into a contract with the Social Security Administration (SSA). ECF No. 1. He states that he entered the agreement unknowingly by becoming a citizen of the United States. He claims, however, that he was not born in the United States and is therefore considered an alien. As an alien, plaintiff claims he is not a party to the United States Constitution. He further claims that any "contract which has a hidden agenda that either party is unaware of the time of signing is a fraud on its face" and that "all contracts based on fraud are not enforceable." Based on this theory as well as plaintiff's view that that Uniform Commercial Code (UCC) releases all persons from any hidden contracts, he claims he is entitled to be reimbursed all funds withheld from his paychecks, dating back as far as 1971, by the SSA, as well as compensatory damages.

Under the provisions of 28 U.S.C. § 1915(e)(2) a case "shall be dismissed at any time if the court determines that– (A) the allegation of poverty is untrue; or (B) the action or appeal– (i)is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks

monetary relief against a defendant who is immune from such relief." The complaint is frivolous. It has no basis in law and must be dismissed. The claims raised bear striking resemblance to those asserted in criminal cases under the so called "flesh and blood" movement which have been uniformly struck down as frivolous. *See United States v. Mitchell*, 405 F. Supp. 2d 602, 604 (D. Md. 2005) (striking down as patently without merit claims that the UCC or Fed. R. Civ. Proc. 12 deprive the court of jurisdiction in a criminal case). Even allowing for liberal construction and the possibility that plaintiff is raising a novel claim, the assertions in the instant complaint are simply specious.

Plaintiff is reminded that under 28 U.S.C. §1915(g) he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." For the reasons stated, this case will be dismissed by separate order.

2/1/12
Date

James K. Bredar
United States District Judge